## LIPSCOMB, ADMINISTRATOR, v. HAMMETT.

1. FORECLOSURE.—A decree in foreclosure settling the rights of the parties having been made in the Court in the county where the lands lie, the administrative order of sale may be passed in another county.

2. DEEDS—FEE CONDITIONAL.—The words in the premises of a deed, "unto A, and the heirs of her body, by B," in the *habendum*, "unto the said A and her heirs aforesaid forever," and in the warranty

"unto the said A and her heirs aforesaid," vests a fee conditional in A.

3. IBID.—MORTGAGES—ENTRY—DEMAND.—Under the mortgage and deed in this case, the foreclosure suit is a sufficient demand for the debt, and entry and demand of payment are not conditions precedent to the bringing of the suit.

Before GAGE, J., Spartanburg, February, 1899. Affirmed.

Foreclosure by M. C. Lipscomb, administrator *de bonis non, cum testamento annexo* of C. B. Hammett, against Laura V. Hammett and her children. From judgment of foreclosure, defendants appeal.

*Messrs. Ravenel & Gantt,* for appellants, cite: *Actions in foreclosure must be tried in county where land lies:* Code, 144; 21 Stat., 793. *As to the construction of the deed:* 4 DeS., 209; 3 Rich. Eq., 158, 574; 23 S. C., 238; 1 Bay, 454; 16 S. C., 294; 1 Strob. Eq., 346; 37 S. C., 265; 36 S. C., 366.

*Messrs. Hydrick & Wilson,* contra, cite: *Administrative order of sale could be passed at Laurens:* 17 S. C., 339. *Suit sufficient demand:* Rice, 245. *As to the construction of the deed:* 48 S. C., 441; 28 S. C., 242; 10 S. C., 365; 47 S. C., 295.

March 13, 1900. The opinion of the Court was delivered by

MR. JUSTICE POPE. It appears from the "Case" that in an action by the plaintiff in his representative character against the mother and her children to foreclose a mortgage executed by Laura V. Hammett to secure the purchase money of the lands hereafter referred to, the mother, on the same day and as a part of the transaction between the testator, Charles B. Hammett, and said Laura V., whereby Charles B. Hammett conveyed 161 6-10 acres of land to said Laura V. Hammett, the defendant interposed pleas of

payment and satisfaction of said mortgage, and also that the mortgagee, Laura V. Hammett, was not, under the deed, seized of the fee simple title to said lands, but was only a tenant in common of her children, who are here made codefendants. The Circuit Judge overruled both defenses. His decree was pronounced at Spartanburg, but afterwards at Laurens he passed the order to sell the lands, as required by his judgment in foreclosure.

The appellants question the right of the Circuit Judge to pass this administrative order in the County of Laurens—contending that such order could only be made in Spartanburg County. This position is not tenable. Under the law, of course, the hearing of the questions affecting this land lying in Spartanburg County was to be had in Spartanburg County. The hearing was had in Spartanburg County. The decree upon the merits was there pronounced. The administrative order providing for the sale which was required by the decree was passed at Laurens, and does not contravene the law.

It was also questioned before the Circuit Judge whether the mortgage was a subsisting lien, but this question was so conclusively settled at the hearing before the Circuit Judge, that it is not made the subject of an appeal. The remaining exceptions refer to the alleged faulty construction of the deed from C. B. Hammett to Laura V. Hammett. The following is a copy of the deed: "Know all men by these presents, that C. B. Hammett, of the County of Spartanburg, in the State aforesaid, for and in consideration of the sum of one thousand six hundred and sixteen dollars secured to be paid to me by mortgage of the premises hereinafter described to me paid by Laura V. Hammett, of the County of Spartanburg, in the State aforesaid, have granted, bargained, sold and released, and by these presents do grant, bargain, sell and release unto the said Laura V. Hammett, and the heirs of her body by James L. Hammett, situated on the head of Goucher Creek, in Spartanburg County, beginning and running as follows: * * * containing one

hundred and sixty-one acres and six-tenths the same more or less. This conveyance being especially made for the immediate benefits of said Laura V. Hammett and her children by James L. Hammett, and under the said James L. Hammett's direction, provided they pay the interest promptly as set forth by said L. V. Hammett's note bearing this date, otherwise making this conveyance null and void by sale under and by virtue of the mortgage aforesaid. Together with all and singular the rights, members, hereditaments and appurtenances to the said premises belonging, or in anywise incident or appertaining: To have and to hold all and singular the premises before mentioned unto the said Laura V. Hammett and heirs aforesaid forever. And I do hereby bind myself, my heirs, executors and administrators to warrant and forever defend all and singular the said premises unto the said Laura V. Hammett and her heirs aforesaid against me and my heirs, and all other persons, subject only to the requirements of interest being paid promptly till demand of principal, lawfully claiming, or to claim the same, or any part thereof. Witness my hand and seal, this 26th day of April, in the year of our Lord 1884, and in the one hundred and eighth year of the sovereignty and independence of the United States of America. C. B. Hammett. (L. S.) Signed, sealed and delivered in the presence of E. L. Jenkins, J. L. Hammett."

The Circuit Judge held that independently of this construction of the deed, that the mortgage must be foreclosed and the land sold to pay the mortgage debt, for in the deed itself it was stipulated that the purchase money of the land secured by the mortgage should be paid as a condition. The debt had not been paid, the mortgage was still subsisting. Hence the plaintiff was entitled to judgment for foreclosure. Not only so, but the Circuit Judge held that when the deed was properly construed, the words: "unto the said Laura V. Hammett and the heirs of her body by James L. Hammett," in the premises of the deed, also the words in the habendum of the deed: "unto the said

Laura V. Hammett and heirs *aforesaid* forever," and also the words in the warranty clause of the deed : "unto the said Laura V. Hammett and her heirs *aforesaid"*— clearly showed that Laura V. Hammett was seized, under the deed, of an estate in fee conditional; that heirs of her body being born to her and being *in esse* when she mortgaged the lands to Charles B. Hammett, her mortgage deed was such an alienation of the lands in question as would support a judgment in foreclosure and sale thereunder. This Court has very recently, in the case of *Bethea* v. *Bethea*, 48 S. C., 440, examined the subject of fees conditional in this State, and hence it is scarcely necessary to go over the matter anew. We do not think the words in the last part of the premises of the deed : "This conveyance being especially made for the immediate benefits of the said Laura V. Hammett and her children by James L. Hammett and under the said James L. Hammett's direction, provided they pay the interest promptly as set forth by said L. V. Hammett's note bearing this date, otherwise making this conveyance null and void by sale under and by virtue of the mortgage aforesaid," were intended by the grantor, Charles B. Hammett, to do more than to express his hope of what good would result to the family of Laura V. Hammett by her purchase of this land. There was no necessity for any demand outside of the institution of this suit to authorize the plaintiff to sue these parties for this foreclosure. Nor in order to a valid sale in foreclosure was there any necessity for the plaintiff to make an entry upon the land in question or to prove a demand upon defendants to pay mortgage debt. It follows, therefore, that the exceptions are unavailing.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed, and that the action be remitted to the Circuit Court to enforce Judge Gage's decree and order.